IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

FILED
U.S. DISTRICT COURT
2012 JUN -5 PM 2: 43
CLERK'S OFFICE
AT BALTIMORE
BY____*____DEPUTY

RUTH GITTENS,

    Plaintiff,

vs.

THIEBLOT RYAN P.A.; and
ANTHONY W. RYAN; and
JOHN DOEs I-X

    Defendants,

Civil No.: RDB 12 CV 1652

## COMPLAINT AND REQUEST FOR JURY

1. Defendants wrongfully attached garnishment to Plaintiff Ruth D. Gittens, for a debt that was owed by someone else whose married name was the same as Plaintiff's maiden name. Defendants released bank garnishment but neglected to file appropriate documents with the court to have Plaintiff's name removed from the debt. Plaintiff seeks damages under the Fair Debt Collection Practices Act, 15 U.S.C. §1692 et seq. (FDCPA), Maryland Consumer Protection Act.

## JURISDICTION AND VENUE

2. This Court has jurisdiction under the FDCPA, 15 U.S.C. § 1692k and under 28 U.S.C §§ 1331 & 1337. This Court has supplemental jurisdiction over the state claims pursuant to 28 U.S.C § 1367.

## PARTIES

3. Plaintiff Ruth D. Gittens is a resident of Columbia, Maryland. She is a consumer as defined by the FDCPA, 15 U.S.C § 1692a(3).

4. Defendant Thieblot Ryan P.A. is a law firm whose main office is in Baltimore, Maryland and whose business is the collection of consumer debts. It regularly collects or attempts to collect debts owed or due or asserted to be owed or due another. It has been engaged by multiple creditors to do so. It has been sued for its unlawful debt collection practices in Maryland. *See Young v. Thieblot Ryan P.A.*, No. 1:11-CV-01562-ELH and *Kayren v. Thieblot Ryan P.A.*, No. 1:11-CV-00597-ELH. Thieblot Ryan P.A. is "debt collector" as defined by the FDCPA, 15 U.S.C. § 1692a(6). Office is at 810 Glen Eagles Ct Baltimore, MD 21286

## FACTS

5. A person with the name Ruth. D. Thompson defaulted on an account assigned to the Defendant in 1997.

6. The person that defaulted on the account is not the Plaintiff.

7. Plaintiff's name and Social Security Number are significantly different than the name and social security number assigned to the person that was liable on the account.

8. On June 9, 2011 Plaintiff received notice from their bank that account balances on 2 accounts had fallen to $0.00. A bank representative informed Plaintiff that accounts were garnished by Anthony Ryan of Thieblot Ryan, P.A.

9. Plaintiff contacted Defendants and left several messages.

10. On June 10, 2011 Plaintiff again called Defendant's office and was transferred to Marilyn Hall.

11. Plaintiff explained to Defendant's representative that there was a mistake and that Plaintiff had never had any account with Defendant's client.

12. Defendant's representative began to argue with Plaintiff, accusing Plaintiff of having multiple social security numbers, and of being a criminal.

13. Plaintiff was distraught as Defendant's representative hung up on Plaintiff

14. Plaintiff immediately called back Defendant's representative and asked to compare birthdates.

15. Defendant's representative faxed to Plaintiff a printout of Plaintiff's names, addresses and Social Security number as proof of debt.

16. Plaintiff again informed Defendant's representative that Plaintiff has never had any debt owed to Defendant's client, requested a copy of the original judgment, and asked to have all references to Plaintiff's name removed from debt.

17. Defendant's representative informed Plaintiff that until proof was provided, Plaintiff was responsible for debt.

18. Plaintiff contacted the corporate attorney used by Plaintiff's company to handle the phone call and supply proof of identity.

19. Defendant then faxed over an release to the Plaintiff's bank.

20. During this time, Plaintiff's personal bank accounts were unavailable, and all debit cards associated with garnished accounts were cancelled.

21. Garnishment resulted in several returned checks and associated fees.

22. On June 14, 2012 Plaintiff's bank account was released from hold, but all services had been cancelled and Plaintiff had to travel to branch office to re-establish associated cards and services.

23. On July 6, 2011 entered a request to obtain a copy of the Maryland District Court Case No. 10461-1996, to see if Plaintiff's name had been removed from debt.

24. On July 22, 2011 Plaintiff obtained copy of original court case and discovered that on May 9, 2011, Defendant filed a Motion in Maryland District Court to amend the name on the original debt to include the Plaintiff's name.

25. Plaintiff also discovered that Defendants entered as evidence a printout of Plaintiff's full name, social security number and addresses without completely redacting PII.

26. None of the addresses on the printout were the same as any of the addresses listed for the original debtor.

27. Plaintiff never received any written notices about the judgment or the motion, even though Defendants listed Plaintiff's address as part of evidence.

28. Plaintiff then filed a motion to have named removed from court case and to seal all personal information noted in case.

29. On October 19, 2011, The District Court of Maryland granted Plaintiff's Motion to strike "Ruth D Gittens" from judgment case.

30. Thieblot, Ryan P.A. engages in a pattern of unlawful debt collection practices. *See Young v. Thieblot Ryan P.A.*, No. 1:11-CV-01562-ELH and *Kayren v. Thieblot Ryan P.A.*, No. 1:11-CV-00597-ELH.

31. As a result of Defendants' actions or inactions, Plaintiff has suffered actual damages including:
    a. Lost time;
    b. Return check fees
    c. Attorney fees for garnishment release
    d. Embarrassment and humiliation;
    e. Aggravation and frustration

## First Claim for Relief: Violations of the FDCPA

32. Defendant's actions violate the FDCPA, including but not limited to 15 U.S.C. §§ 1692e, 1692e(10), 1692e(14), 1692f and 1692f(1).

33. Plaintiff is entitled to recover statutory damages, actual damages and reasonable attorney fees and costs, against Defendants.

## Second Claim for Relief: Violations of the Maryland Consumer Debt Collections Act.

34. Defendant's actions constitute unfair or deceptive trade practices within the meaning of the Maryland Consumer Debt Collection Act, as defined by Maryland Commercial Law Code Ann. §14-202(7)

35. Defendant willfully engaged in these unlawful practices

36. Plaintiff is entitled to recover damages against Defendants as noted in Maryland Commercial Law Ann. §14-203.

## Third Claim for Relief: Tortious Debt Collection

37. Defendant's actions and inactions constitute unreasonable and tortious debt collection practices.

38. An award of punitive damages is appropriate to deter future similar conduct by the Defendant.

## Request for Jury

39. Plaintiff requests a jury trial for all issues triable by jury.

## Prayer for Relief

40. Plaintiff requests that this Court:

A. Award statutory and actual damages for violations of the FDCPA against Thieblot, Ryan P. A. and Attorney Anthony W. Ryan

B. Award Statutory or actual damages, trebled, for violations of the Maryland Consumer Debt Collections Act;

C. Award actual and punitive damages, for tortious debt collection against Defendants;

D. Award reasonable fees and costs; and

E. Award such other relief as the Court deems just and proper.


Respectfully submitted,

*[signature]*

Ruth D. Gittens
8775 Cloudleap Court
PMB 23
Columbia, MD 21045
410-382-1959