IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

RUTH GITTENS,     *

   Plaintiff,     *

   v.     *     Civil Action No. RDB-12-1652

THIEBLOT RYAN, P.A., *et al*,     *

   Defendants.     *

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

**MEMORANDUM OPINION**

This action arises out of attempts by Defendants Thieblot Ryan, P.A. ("Thieblot Ryan"), a Baltimore law firm, and Anthony W. Ryan ("Anthony Ryan"), an attorney acting on behalf of Thieblot Ryan (collectively "Defendants"), to collect a debt allegedly owed by Ruth D. Reid Thompson by erroneously seeking to garnish the property and wages of Plaintiff Ruth D. Gittens ("Plaintiff" or "Gittens"). On June 5, 2012, Plaintiff, whose name and social security number are allegedly significantly different from the name and social security number of Ruth D. Reid Thompson, filed this action against Defendants alleging violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §§ 1692 *et seq*.[1] and of the Maryland Consumer Debt Collection Act ("MCDCA"), Maryland Code Annotated, Commercial Law Article § 14-202 as well as a claim for tortious debt collection under Maryland law. Defendants filed a Motion to Dismiss Plaintiff's Complaint (ECF No. 10) pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure contending that

---

[1] Jurisdiction in this case is conferred by 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

Plaintiff failed to state a claim under the FDCPA. Plaintiff then amended her Complaint[2] on September 11, 2012. In addition to the FDCPA (Count I), MCDCA (Count II) and tortious debt collection (Count III) claims, the Amended Complaint alleges violations of the Maryland Consumer Protection Act ("MDCPA"), Maryland Code Annotated, Commercial Law Article §§ 13-101 *et seq.* (Count IV),[3] as well as the Maryland common law claims of negligence (Count V), conversion (Count VI) and malicious prosecution (Count VII).

Pending before this Court is Defendants' Motion for Judgment on the Pleadings (ECF No. 31), filed pursuant to Rule 12(c) of the Federal Rules of Civil Procedure, with respect to Counts III, IV, V, VI and the punitive damage claim in Count VII. The parties' submissions have been reviewed and no hearing is necessary. *See* Local Rule 105.6 (D. Md. 2011). For the reasons that follow, Defendants' Motion for Judgment on the Pleadings (ECF No. 31) is GRANTED. Specifically, Counts III, V and VI are DISMISSED WITH PREJUDICE. Count IV has been WITHDRAWN and Count VII is DISMISSED WITHOUT PREJUDICE. The only remaining claims against Defendants are Plaintiff's claims arising under the Fair Debt Collection Practices Act (Count I) and the Maryland Consumer Debt Collection Act (Count II).

BACKGROUND

For the purposes of the instant motion, this Court accepts as true the facts alleged in Plaintiff's Complaint. *See Aziz v. Alcolac, Inc.*, 658 F.3d 388, 390 (4th Cir. 2011). Plaintiff Ruth D. Gittens ("Plaintiff" or "Gittens") alleges that she is a consumer as defined by the

---
[2] Plaintiff filed the Amended Complaint pursuant to Rule 15(a)(1)(B) of the Federal Rules of Civil Procedure and Defendants answered that amended complaint.
[3] Plaintiff subsequently withdrew this claim. *See* Pl.'s Resp. in Opp. to Def.'s Mot. for J. on the Pleadings at 2, ECF No. 36.

Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692a(3). Pl.'s Am. Compl. ¶ 3, ECF. No. 20. She further alleges that Defendant Thieblot Ryan, P.A. ("Thieblot Ryan"), a Baltimore law firm engaged in the business of debt collection, is a debt collector as defined by the FDCPA, 15 U.S.C. § 1692a(6) and by Section 14-201(b) of the Commercial Law Article of the Maryland Code Annotated. *Id.* ¶ 4. Additionally, she alleges that Defendant Anthony W. Ryan ("Anthony Ryan") is "an attorney at Thieblot Ryan P.A. who, upon information and belief, used the mails and instruments of interstate commerce in a business the principal purpose of which is debt collection." *Id.* ¶ 5.

According to Plaintiff's Complaint, in 1997, an individual by the name of Ruth D. Reid Thompson ("the Real Debtor") "allegedly defaulted on an account assigned to" Thieblot Ryan. *Id.* ¶ 6. A judgment was entered against the Real Debtor and Defendants have allegedly sought to recover the judgment amount from this individual since 1997. *Id.* ¶ 10. Although the Real Debtor is not Plaintiff and has a significantly different name and social security number,[4] Plaintiff received notice on June 9, 2011 that her bank accounts were garnished by the Defendants. *Id.* ¶¶ 7-9. Plaintiff alleges that despite knowing that Plaintiff's name, address and social security number differed from those of the Real Debtor, Defendants had previously sought and obtained an order by the Baltimore County District Court adding Plaintiff to the existing judgment pending against the Real Debtor. *Id.* ¶¶ 10-11. Upon receiving notice that her accounts had been garnished, Plaintiff immediately contacted Defendants. *Id.* ¶¶ 14-24. Plaintiff alleges that she was initially mistreated and accused of being a criminal by Thieblot Ryan's representative. *Id.* ¶ 17. However, upon

---

[4] The Complaint does allege, however, that the Real Debtor's married name and Plaintiff's maiden name were the same. Pl.'s Am. Compl. ¶ 1, ECF No. 20.

3

comparing birthdates, Plaintiff was able to demonstrate that Defendants should not have attempted to garnish her account. *Id.* ¶¶ 19-23. Accordingly, Defendants "faxed over a release to Plaintiff's bank." *Id.* ¶ 24. Plaintiff alleges that her account was "effectively frozen" from June 9 to June 14, 2011[5] resulting in returned checks and associated fees as well as the canceling of services and debit cards associated with the account. *Id.* ¶¶ 25-27.

With respect to Defendants' filings with the Baltimore County District Court, Plaintiff alleges that in support of their motion to add her name to the existing judgment, Defendants failed to redact her personal identifiers. *Id.* ¶ 30. Moreover, Plaintiff alleges that she never received notice of these filings and of the judgment entered against her. *Id.* ¶¶ 10, 32. Plaintiff then claims that her Motion to Strike "Ruth D. Gittens" from the judgment case was granted by the Baltimore County District Court on October 19, 2011. *Id.* ¶ 34. As a result of Defendants actions, Plaintiff brought this suit alleging violations of the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692 *et seq.* (Count I), the Maryland Consumer Debt Collection Act, Maryland Code Annotated, Commercial Law Article § 14-202 (Count II), the Maryland Consumer Protection Act, Maryland Code Annotated, Commercial Law Article §§ 13-101 *et seq.* (Count IV)[6] as well as Maryland common law claims for tortious debt collection (Count III), negligence (Count V), conversion (Count VI) and malicious prosecution (Count VII). *Id.*

## STANDARD OF REVIEW

Under Federal Rule of Civil Procedure 12(c), a party may move for judgment on the

---

[5] Plaintiff's Complaint lists the date as June 14, 2012 but states that her accounts were only frozen over the weekend. Accordingly, this Court assumes that this was a typographical error and that Plaintiff meant June 14, 2011. *Id.* ¶ 27.
[6] Subsequently WITHDRAWN. *See supra* note 3.

pleadings any time after the pleadings are closed, as long as it is early enough not to delay trial.[7] *See* FED. R. CIV. P. 12(c). The legal standard governing such a Motion is the same as a Motion to Dismiss under Rule 12(b)(6). *See, e.g.*, *Edwards v. City of Goldsboro*, 178 F.3d 231, 243 (4th Cir. 1999); *Booker v. Peterson Cos.*, 412 F. App'x 615, 616 (4th Cir. Feb. 25, 2011); *Economides v. Gay*, 155 F. Supp. 2d 485, 488 (D. Md. 2001). In determining whether dismissal is appropriate, this Court assumes as true all well-pleaded facts in the plaintiff's complaint, but does not accept the plaintiff's legal conclusions. *Ashcroft v. Iqbal*, 556 U.S. 662 (2009); *Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc.*, 591 F.3d 250, 253 (4th Cir. 2009). A complaint must be dismissed if it does not allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *see also Simmons v. United Mort. & Loan Inv., LLC*, 634 F.3d 754, 768 (4th Cir. 2011); *Andrew v. Clark*, 561 F.3d 261, 266 (4th Cir. 2009).

## ANALYSIS

Defendants Thieblot Ryan P.A. ("Thieblot Ryan") and Anthony W. Ryan ("Anthony Ryan") (collectively "Defendants") have filed a Motion for Judgment on the Pleadings with respect to Plaintiff's Maryland Consumer Protection Act claim in Count IV, which Plaintiff later withdrew, as well as Plaintiff's common law claims in Counts III, V, VI and the punitive damages claim in Count VII. Specifically, Defendants contend that a cause of action for tortious debt collection (Count III) is not cognizable under Maryland law and that Plaintiff has failed to state plausible claims of negligence (Count V), conversion (Count VI) and punitive damages for malicious prosecution (Count VII).

---

[7] Defendant filed an Answer (ECF No. 10) on October 21, 2011, prior to filing the Motion for Partial Judgment on the Pleadings (ECF No. 12).

Preliminarily, this Court notes that Defendants do not seek judgment with respect to Plaintiff's claims under the Fair Debt Collection Practices Act (Count I) and the Maryland Consumer Debt Collection Act (Count II). Defendants also do not take issue with Plaintiff's malicious prosecution claim (Count VII) but solely oppose Plaintiff's request for punitive damages associated with this claim.

In Count III, Plaintiff seeks to state a claim for common law tortious debt collection. As this cause of action does not exist under Maryland law, Plaintiff requests that this Court recognize tortious debt collection as a new tort under Maryland law. The United States Court of Appeals for the Fourth Circuit has held that a "federal court sitting in diversity simply cannot compel a state to provide a cause of action in tort." *Guy v. Travenol Labs., Inc.*, 812 F.2d 911, 915 (4th Cir. 1987); *see also Rice v. Paladin Enters., Inc.*, 940 F. Supp. 836, 842 (D. Md. 1996) *rev'd on other grounds,* 128 F.3d 233 (4th Cir. 1997). Torts regarding improper debt collection conduct are addressed by the Maryland Consumer Debt Collection Act ("MCDCA"). As the Maryland Court of Appeals as previously noted, "where a statute deals with an entire subject-matter . . . the statute is generally construed as abrogating the common law as to that subject." *Robinson v. State*, 728 A.2d 698, 702-03 (Md. 1999) (citations omitted). As such, state claims for torts with respect to debt collection practices should be alleged under the MCDCA and not Maryland common law. Accordingly, Count III is DISMISSED WITH PREJUDICE.

Count V asserts a claim of negligence in the "use of court process" against Defendants. In its response to Defendants' motion, Plaintiff claims that this cause of action is not a cause of action for legal malpractice but is instead "akin to a simple auto accident

6

negligence claim." Pl.'s Resp. in Opp. 12, ECF No. 36. This argument is unpersuasive, however, as Plaintiff's allegations in Count V relate directly to Defendants' legal actions in a court of law. To successfully state a claim for legal malpractice, a Plaintiff must allege (1) an employment relationship with the attorney(s), (2) the existence of a duty owed by the attorney(s), and (3) a "loss to the [plaintiff] proximately caused by that neglect of duty." *Hall v. Sullivan*, 465 F. Supp. 2d 475, 478-79 (D. Md. 2006), *aff'd* 272 Fed. App'x 284 (4th Cir. 2008). In this case, Plaintiff has not alleged an employment relationship between her and Defendants, nor is one apparent. Accordingly, Plaintiff's negligence claim in Count V is DISMISSED WITH PREJUDICE.

Defendants move to dismiss Plaintiff's conversion claim in Count VI on the grounds that (a) a plaintiff cannot bring a conversion claim seeking the return of money under Maryland law, and (b) the Plaintiff has conceded that no transfer of funds occurred. As this Court explained in *L'Occitane, Inc. v. Tran Source Logistics, Inc.*, 2009 WL 4738073, at *4 (D. Md. Dec. 3, 2009):

> Under Maryland law, "[a] 'conversion' is any distinct act of ownership or dominion exerted by one person over the personal property of another in denial of his right or inconsistent with it." *Interstate Ins. Co. v. Logan*, 109 A.2d 904, 907 (Md. 1954). As Defendants correctly observe, however, "[t]he general rule is that monies are intangible and, therefore, not subject to a claim for conversion." *Allied Invest. Corp. v. Jasen*, 731 A.2d 957, 966 (Md. 1999). Notwithstanding that general rule, the law allows an exception "when a plaintiff can allege that the defendant converted specific segregated or identifiable funds." *Id.* This exception extends not only to funds that were actually segregated, but also to funds that "should have been segregated for a particular purpose or that have been wrongfully obtained or retained or diverted in an identifiable transaction." *Id.*

Additionally, a Plaintiff must describe the funds "with such reasonable certainty that the jury may know what money is meant." *Allied Inv. Corp. v. Jasen*, 731 A.2d 957, 968 (Md. 1999)

7

(quoting *Limbaugh v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 732 F.2d 859, 862 (11th Cir. 1984)). Although Plaintiff describes the funds with specificity—those funds present in her personal bank account prior to her receipt of the bank notice on Thursday, June 9, 2011—Plaintiff fails to allege that the Defendants received any of these funds. In fact, her claim states that her account was frozen and that the funds were released the following Monday. Accordingly, there was no transfer of funds, nor did Plaintiff sufficiently allege that the Defendants had control over these funds. Thus, Plaintiff has failed to state a claim for conversion and cannot state such claim in light of the lack of transfer. Therefore, Plaintiff's conversion claim in Count VI is DISMISSED WITH PREJUDICE.

Finally, Defendants challenge Plaintiff's request for punitive damages contained in her malicious prosecution claim in Count VII. Because the tort of malicious prosecution requires the initiation of a criminal proceeding, *Krashes v. White*, 341 A.2d 798, 801 (1975), which did not occur here, this Court will construe Count VII as alleging a cause of action for malicious use of civil process. To state a claim for malicious use of civil process, a plaintiff must allege that "(1) a prior civil proceeding was instituted by the defendant; (2) with malice; (3) without probable cause; (4) termination in favor of the plaintiff; and (5) damages were inflicted upon the plaintiff by arrest or imprisonment, seizure of property, or other special injury." *Fontell v. Hassett*, 2011 WL 4632579, at * 5 (D. Md. Oct. 3, 2011) (citing *Keys v. Chrysler Credit Corp.*, 494 A.2d 200, 205 (Md. 1985)). "The malice required for this tort is the initiation or continuation of a civil proceeding with a purpose different from the proceeding's intended purpose." *Fontell*, 2011 WL 4632579, at * 5 (citing *Owens-Illinois, Inc. v. Zenobia*, 601 A.2d 633 (1992)).

In this case, Plaintiff has not alleged any facts suggesting that Defendants instituted the civil action against Plaintiff for any reason other than to collect the fees it was owed pursuant to the judgment issued by the Baltimore County District Court. With respect to damages, Plaintiff has alleged that she has suffered: "lost time; return check fees; attorney fees for garnishment release; embarrassment and humiliation; aggravation and frustration; emotional upset and distress."[8] Pl.'s Compl. ¶¶ 36. As this Court has previously explained:

> In *North Point Construction Co. v. Sagner*, 44 A.2d 441 (Md. 1945), Maryland's highest court has stated clearly, "[t]he mere expense and annoyance of defending a civil action is not a sufficient special damage or injury to sustain an action for malicious prosecution." *Id.* at 445. . . . Elliott's emotional and psychological injuries, for which he has not sought medical treatment and which have not been tied to any adverse physical condition, cannot serve as the basis for special damages. Otherwise, the stress associated with any lawsuit would satisfy the special damages element of the tort of malicious use of process. That would just about be a complete contravention of the requirement that special damages are those "which would not necessarily result in all suits prosecuted to recover for a like cause of action." *Siegman v. Equitable Trust Co.*, 297 A.2d 758, 762 (Md. 1972).

*Elliot v. Evans*, 942 F. Supp. 238, 242 (D. Md. 1996); *see also One Thousand Fleet Ltd. P'ship v. Guerriero*, 694 A.2d 952, 959 (Md. 1997) (citing *Sagner* with approval). Accordingly, this Court finds that Plaintiff's allegations regarding "special injuries" are insufficient to support a claim for malicious use of civil process. As such, Plaintiff's claim for malicious use of civil process is DISMISSED WITHOUT PREJUDICE. As a result, Defendants' Motion for Judgment on the Pleadings is GRANTED.

---

[8] Although Defendants note that these damages were note adopted by reference in Count VII pursuant to Rule 10(c) of the Federal Rules of Civil Procedure, this Court reviews the facts as alleged in the light most favorable to Plaintiff. *See Ibarra v. United States*, 120 F.3d 472, 474 (4th Cir. 1997).

## CONCLUSION

For the reasons stated above, Defendants' Motion for Judgment on the Pleadings (ECF No. 31) is GRANTED. Specifically, Counts III, V and VI are DISMISSED WITH PREJUDICE. Count IV has been WITHDRAWN and Count VII is DISMISSED WITHOUT PREJUDICE. The Plaintiff's claims arising under the Fair Debt Collection Practices Act (Count I) and the Maryland Consumer Debt Collection Act (Count II) remain pending.

A separate Order follows.

Dated:    May 14, 2013        /s/_____
                              Richard D. Bennett
                              United States District Judge